# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § <br> § <br> § |
| v. | § Case No.  4:04-CR-106 (31) <br> § Judge Mazzant <br> § |
| DUFORD LEE MITCHELL | § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *Pro Se* Motion to Reduce Sentence (Dkt. #1727). Having considered the motion and the applicable law, the Court finds that the motion should be **DISMISSED without prejudice.**

### BACKGROUND

On September 8, 2005, Defendant Duford Lee Mitchell ("Mitchell") was convicted of two counts of the Superseding Indictment following a jury trial (Dkt. #802; Dkt. #1075).  First, Mitchell was found guilty of a violation of 21 U.S.C. § 846—Conspiracy to Possess with Intent to Distribute Cocaine Base (Dkt. #1145).  Second, Mitchell was found guilty of a violation of 18 U.S.C. § 924(c)(1)—Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Dkt. #1145). At the time of Mitchell's sentence, his base offense level was 34 under U.S.S.G. § 2D1.1 (Dkt. #1718).  However, after enhancements, Mitchell's total offense level was found to be 41 (Dkt. #1146).  Additionally, Mitchell's extensive criminal history placed him in criminal history category VI (Dkt. #1146).  On February 16, 2006, Mitchell was sentenced to 420 months of imprisonment followed by a five-year term of supervised release (Dkt. #1145).  Based on his current sentence, Mitchell has a projected release date of February 26, 2037 (Dkt. #1710).

Mitchell now seeks a reduction in sentence, requesting that the Court release him from

prison, or at the very least reduce his sentence to give him "something to look forward to" (Dkt. #1727).[1] The Government opposes Mitchell's request. On December 9, 2022, Mitchell filed the pending motion where he asks the Court to "give [him] another chance" and points out that he is the only person still in prison from his original case (Dkt. #1727).

## LEGAL STANDARD

### I. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify.

---

[1] The Court will also point out that it has previously addressed Mitchell's argument that he is entitled to a sentence reduction under the First Step Act (Dkt. #1715). Mitchell argued that based on Section 404 of the First Step Act, the change in penalty structure impacted Mitchell's charges (Dkt. #1710). However, as the Government correctly pointed out, despite the change in Mitchell's base offense level, his guideline range remained the same due to enhancements and Mitchell's criminal history category (Dkt. #1711 at pp. 4–5). Accordingly, the Court denied Mitchell's request. Mitchell filed a motion for reconsideration on the matter that was subsequently denied (Dkt. #1716; Dkt. #1718). Mitchell also filed an appeal to the Fifth Circuit on the Court's order, which was dismissed as frivolous (Dkt. #1723).

*Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[2] (3) issues arising from the defendant's family circumstances;[3] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

---

[2] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, cmt. n.1(B).

[3] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id*. at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[4] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal

---

[4] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

4

quotations omitted)).  Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

## II.     Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant.  Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion.  *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.").  Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same.  Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant."  18 U.S.C. § 3582(c)(1)(A).  And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements.  Thus, a policy

statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions.  In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf.  *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request.  Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions.  The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP.  Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180.  When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define

6

"extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

    (5) any pertinent [Sentencing Commission] policy statement . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

Most of Mitchell's motion does not identify a valid circumstance where the Court would be able to exercise its authority to reduce his sentence. *See Dillon*, 560 U.S. at 824. However, in construing a *pro se* motion liberally, the Court views Mitchell's point that he is still in prison despite his co-defendants all being released as a valid argument for compassionate release. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also United States v. Mondragon*, No. 4:18-CR-132(5), 2020 WL 3868988, at *2 (E.D. Tex. July 8, 2020) (applying the liberal standard to construe a *pro se* letter as a motion for compassionate release). The Court will classify this argument as an alleged "extraordinary and compelling" reason that Mitchell should be granted a sentence reduction. *See United States v. Edwards*, No. PJM 05-179, 2021 WL 1575276, at *2 (D. Md. Apr. 22, 2021) (identifying sentencing disparity between co-defendants as a valid

extraordinary and compelling reason when a less culpable defendant was still in prison and the leader of organization had been released).

As a preliminary matter, even if the Court were to construe Mitchell's motion as a potential circumstance that rises to the level of an extraordinary and compelling reason, there is no evidence on the record that Mitchell has exhausted his administrative remedies on this specific ground. *See* 18 U.S.C. § 3582(c)(1)(A). Therefore, because this step is not waivable, the Court will dismiss the motion without prejudice. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . . ."). However, assuming Mitchell did exhaust his administrative remedies on this ground, the Court will still address the merits of his argument, as the Court does not agree that Mitchell's situation constitutes a valid extraordinary and compelling reason.

On July 15, 2004, Mitchell was indicted with thirty-one other defendants (Dkt. #1). On March 10, 2005, the Government filed a Superseding Indictment, where another defendant was added, bringing the total number of co-defendants up to thirty-two (Dkt. #802). The Court sees three reasons why Mitchell's sentence is much longer than his thirty-two co-defendants' sentences. First, the majority of the defendants pleaded guilty to the crimes they were charged with in the indictments (Dkt. #1161). However, Mitchell and one other defendant proceeded to trial. Because of this fact, Mitchell was not given the benefit of a reduction for "acceptance of responsibility" that the other defendants were given (Dkt. #1161 at p. 6). Second, some of the enhancements that were placed on Mitchell were unique to him based of his conduct before trial, including one for "obstruction of justice" (Dkt. #1161 at p. 6). Finally, Mitchell's sentence is more than his co-defendant at trial because the co-defendant did not have the extensive criminal history that Mitchell

has, meaning his criminal history category was much lower than Mitchell's category (Dkt. #1148).

In sum, when comparing Mitchell's sentence to his co-defendants, it logically follows that Mitchell would serve the longest sentence out of the thirty-three individuals that were indicted for this crime. The Court will not view Mitchell's argument that he is the only one still in prison as one that constitutes an extraordinary and compelling reason that he is entitled to relief. Because this was the only valid argument that Mitchell raised, even if the Mitchell exhausted his administrative remedies with this request, the Court would still deny the pending motion.[5]

## CONCLUSION

It is therefore **ORDERED** that Defendant's *Pro Se* Motion to Reduce Sentence (Dkt. #1727) is hereby **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

SIGNED this 25th day of April, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] In construing the merits of Mitchell's motion as a motion for compassionate release, the Court would have needed to conduct an analysis to ensure that the factors at 18 U.S.C. § 3553(a) warranted a sentence reduction. However, since the Court does not find an extraordinary and compelling reason for a sentence reduction, it need not conduct any further analysis.